UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIGOBERTO MARTINEZ PIREZ,

Petitioner,

v. Case No.: 2:26-cv-02317-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.
_________________________________/

**OPINION AND ORDER**

Before the Court are Rigoberto Martinez Pirez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Martinez Pirez is a native and citizen of Cuba who was paroled into the United States on September 2, 2022. Martinez Pirez applied for adjustment of status and received work authorization and a Texas driver's license. U.S. Customs and Border Patrol (CBP) commenced removal proceedings in December 2024 after encountering Martinez Pirez near the U.S.-Canada border. CBP then released Martinez Pirez on his own recognizance. On September 13, 2026, local police arrested Martinez Pirez for shoplifting and use of an antishoplifting device countermeasure, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. Martinez Pirez was transferred to ICE custody on October 8, 2025. He was convicted of shoplifting, and the charge for using an antishoplifting device countermeasure

remains pending. An immigration judge ordered Martinez Pirez removed to Ecuador on July 31, 2026. Martinez Pirez appealed, so the removal order is not administratively final.

Martinez Pirez argues his detention is unlawfully prolonged and unreasonable. In response, the government contends Martinez Pirez is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii). Indeed, § 1226(c)(1)(E) mandates the detention of inadmissible noncitizens convicted of certain crimes, including theft. Martinez Pirez's theft conviction makes him subject to mandatory detention under § 1226(c).

That is not the end of the inquiry. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).

The Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." *Id.* at 1214. The court adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing. It identified

a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case. *Id.* at 1218. The Court finds three factors particularly relevant here.

1. <u>The amount of time the alien has been detained without a bond hearing</u>

Martinez Pirez has been detained since October 8, 2025—320 days as of this Order—and he has not been afforded a bond hearing. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness." *Sopo*, 825 F.3d at 1217. Given the duration of Martinez Pirez's detention, this factor favors a bond hearing.

2. <u>Whether it will be possible to remove the alien after a final order of removal</u>

Martinez Pirez is a citizen of Cuba, which generally does not accept repatriations from the United States. An immigration judge ordered him removed to Ecuador, but the government does not address the likelihood that it can remove a Cuban national to Ecuador. This factor favors a bond hearing.

3. <u>Whether the time in immigration detention exceeds the prison sentence</u>

Martinez Pirez's 320 days in immigration detention far exceeds the 23 days he spent in jail on the state charges. This factor favors a bond hearing.

After weighing the *Sopo* factors, the Court finds a bond hearing appropriate. The Court will thus order the respondents to either bring Martinez Pirez before an immigration judge for an individualized bond hearing within ten days or release him under reasonable conditions of supervision while the BIA considers his appeal. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If the government is unable to ensure Martinez Pirez receives a bond hearing that complies with this Order within ten days, it must release him.

Accordingly, it is hereby

**ORDERED**:

Rigoberto Martinez Pirez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Martinez Pirez for an individualized bond hearing before an

immigration judge or (2) release Martinez Pirez under reasonable conditions of supervision. If the respondents release Martinez Pirez, they shall give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record